IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SBA COMMUNICATIONS CORPORATION, )<br>)<br>Plaintiff,                )<br>)<br>vs.                        )<br>)<br>CITY OF MIDWEST CITY, OKLAHOMA, )<br>*et al.*,                   )<br>)<br>Defendants.              ) | Case No. CIV-11-715-D |

**O R D E R**

Before the Court is the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Doc. No. 12], filed by the "Councilmember Defendants," which are the six members of the city council for the City of Midwest City: Lynn Jack Fry, Jr. (also mayor); Jerry R. Maynard; Turner Mann; Rick Dawkins; Wendell D. Boucher; and Richard R. Price. These defendants invoke the doctrine of qualified immunity and assert that the allegations of the Amended Complaint are insufficient to overcome this defense. Plaintiff SBA Communications Corporation has timely opposed the Motion, which is at issue.

Plaintiff brings this action under the Telecommunication Act of 1996, 47 U.S.C. § 332(c)(7), to overturn a decision of the city council that denied Plaintiff a special use permit to construct a wireless communications tower at a proposed site in Midwest City. The final decision was made by unanimous vote of the city council on May 10, 2011. Plaintiff asserts this decision was made in violation of § 332(c)(7)(B), specifically, its requirements of a sufficient writing to permit judicial review and substantial evidence of record to support

the decision, and its prohibition against a denial that has the effect of prohibiting the provision of personal wireless services. *See id*. § 332(c)(7)(B)(i)(II) and (c)(7)(B)(iii). Plaintiff has named as defendants, in addition to the City, all members of the city council. By the Amended Complaint, Plaintiff seeks declaratory and injunctive relief, and a writ of mandamus directing Defendants to issue all permits and approvals necessary to construct the tower at the proposed site.

As stated above, the Councilmember Defendants assert that an action against them individually is improper because they enjoy qualified immunity from suit. They argue that Plaintiff's pleading fails to allege sufficient facts to show "that any individual councilmember violated a constitutional or statutory right" and that any right implicated by the facts was clearly established at the time. *See* Defs.' Motion [Doc. No. 12] at 5. In response, Plaintiff contends the Amended Complaint plainly alleges that the city council's decision violated three statutory provisions that have been in effect since 1996 and have been enforced by the Tenth Circuit in numerous decisions. Plaintiff also explains, however, why the Councilmember Defendants were made parties. Plaintiff states it is not seeking relief against them individually but has included them "to satisfy due process, as the remedy sought by SBA is equitable in nature – entry of an Order mandating the granting of the requested [permit]." *See* Pl.'s Resp. Br. [Doc. No. 13] at 5-6. Further, Plaintiff argues that the action will not impose any burden on the Councilmember Defendants individually due to "the nature of the case and the fact that they share legal counsel with Defendant City of Midwest City." *Id*. at 6.

Upon examination of the Amended Complaint and consideration of Plaintiff's arguments, the Court finds that Plaintiff is not asserting an individual capacity suit against the Councilmember Defendants to which the defense of qualified immunity would apply. Plaintiff has named each of these defendants by reference to his official position, "Mayor" or "Councilmember." *See* Am. Compl. [Doc. No. 8], ¶¶ 6-11. Plaintiff seeks equitable relief from the Councilmember Defendants requiring them to act collectively in their official capacities as members of the city council and to perform ministerial acts on behalf of the City of Midwest City. *See id.* at 13. A complaint requesting an injunction or mandamus remedy against a public official to require him to perform a duty of his office asserts an official-capacity claim. *See Trackwell v. U.S. Government*, 472 F.3d 1242, 1244 (10th Cir. 2007); *Simmat v U.S. Bureau of Prisons*, 413 F.3d 1225, 1234 (10th Cir. 2005). Because Plaintiff seeks relief that is only available from the Councilmember Defendants acting in their official capacities, this action is an official capacity suit.

"[A]n official capacity suit is 'only another way of pleading an action against an entity of which an officer is an agent.'" *Johnson v. Board of County Comm'rs*, 85 F.3d 489, 493 (10th Cir. 1996) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "'As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity,' and not as a suit against the official personally, 'for the real party in interest is the entity.'" *Id.* (quoting *Graham*, 473 at 166). The defense of qualified immunity is available only to an individual capacity defendant, that is, a government official who is sued in his individual capacity to

3

impose personal liability for actions taken under color of law.  *See id.*

In short, the Court finds that the Councilmember Defendants' Motion cannot be granted on the grounds asserted, that is, their defense of qualified immunity, because they have not been sued in their individual capacities.  Further, to the extent the Councilmember Defendants seek dismissal of individual capacity claims against them, the Court finds that no such claims are asserted.  However, the record should reflect that the action involves only official capacity claims.  Therefore, the Motion will be denied, but the Court will direct a modification of the case record to reflect that the Councilmember Defendants are sued only in their official capacities as officers of the City of Midwest City.

IT IS THEREFORE ORDERED that the Motion to Dismiss [Doc. No. 12] is DENIED as moot.  The Clerk is directed to modify the docket sheet to reflect that each individual defendant is sued only in his official capacity as mayor (Defendant Fry) or councilmember (Defendants Maynard, Mann, Dawkins, Boucher and Price) of the City of Midwest City.

IT IS SO ORDERED this 10th day of May, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE